# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL CANTRELL, et al | § | |
| | § | |
| v. | § | Case No. 6:09-cv-225 |
| | § | |
| THE CITY OF MURPHY, et al | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Transfer Venue and Brief in Support Thereof (Doc. No. 17). The Court denied Defendant's motion to transfer during a scheduling conference (Doc. No. 28), and now issues this Memorandum Opinion and Order.

## Background

Plaintiffs Michael Cantrell, Individually and as Administrator of the Estate of Matthew Cantrell, Ave Marie Cantrell, and Creighton Cantrell filed a complaint in the Eastern District of Texas, Tyler Division against the City of Murphy, Chief of Police William Myrick, and several City of Murphy Police Officers in their individual capacity, East Texas Medical Center Emergency Services Unit ("ETMC"), and ETMC medic John Doe No. This case arises out of alleged constitutional violations in connection with the death of an approximately 21-month-old child, Matthew Cantrell ("Matthew").

According to Plaintiffs, Matthew was playing in the backyard of his home located in the City of Murphy, Texas and accidentally strangled himself in a soccer net. His mother, Ave Marie Cantrell ("Ave"), cut him free and called 911. The 911 operator from the Murphy Fire-Rescue answered her phone call but would not tell Ave how to perform CPR or any other life-saving

measures. He repeatedly just told her to "calm down." The operator eventually initiated a three-way phone call with ETMC[1], located in Tyler, Texas. Ave was on the phone with the ETMC medic for two minutes but was still not provided with any instructions on how to assist her son.

When the City of Murphy police arrived, they stopped Ave in her attempts to perform CPR on Matthew. They forcibly confined Ave and her four-year-old son Creighton to another room and left Matthew without any aide. The officers presumed Matthew was dead and secured the house as a crime scene. When an ambulance unit from Murphy Fire-Rescue arrived, one of the officers blocked the paramedics from entering the house. The officer told the paramedics that there was no need to help Matthew because he was already dead, which was not true at the time. The paramedics insisted on evaluating the situation, and they gave Matthew CPR.

The police continued to blockade Ave and Creighton in the bedroom while Matthew was being attended to by the paramedics. The officers eventually released Creighton to his father, Michael Cantrell. Ave, however, was transported to the Murphy Police Station where she was detained and asked to provide a statement regarding the incident. She was not permitted to see Matthew at the hospital until the next day. He died three days after the incident.

Plaintiffs claim that Defendants violated Matthew's rights under the Fifth and Fourteenth Amendments, and deprived Ave and Creighton of their rights under the Fourth, Fifth, and Fourteenth Amendments. Plaintiffs also sued the City of Murphy for failure to properly train, supervise, and discipline their 911 operators and police officers, and ETMC for negligence in retaining, training, and supervising its emergency medical services personnel. Defendants deny

---

[1]The City of Murphy contracted with ETMC to provide medical emergency assistance to 911 callers.

that Plaintiffs' constitutional rights were violated.  The City of Murphy and the individual police

officers claim qualified, official, and sovereign immunities.

Defendants filed the instant motion to transfer this case to the Eastern District of Texas,

Sherman Division, Plano Courthouse because the underlying events on which Plaintiff's claims

are based occurred in the City of Murphy.  The City of Murphy is in the Sherman Division, and

the Plano Courthouse is closer to the City of Murphy than Sherman.  Defendants also claim that

it would be more convenient to the parties and witnesses to try the case in the Sherman Division,

Plano Courthouse.

**Standard**

"For the convenience of parties, in the interest of justice, a district court may transfer any

civil action to any other district or division where it might have been brought."  28 U.S.C. §

1404(a).  The Fifth Circuit Court of Appeals has enunciated a standard that applies to motions

to transfer venue for the convenience of the parties. *In re Volkswagen of Am., Inc.*, 545 F.3d 304

(5th Cir. 2008) (en banc).  To prevail on a transfer motion, the moving party must show "good

cause" by demonstrating "that the transferee venue is clearly more convenient."  *Id.* at 315.

Although Plaintiff's choice of venue is not a distinct factor, it is "nonetheless taken into account

as it places a "significant burden on the movant to show good cause for the transfer." *Id.*  If the

moving party fails to meet this standard, the Court must respect Plaintiff's choice in venue.  *Id.*

The § 1404(a) analysis remains the same regardless of whether the party moves for an inter-

district or intra-district transfer. *Williams v. Toyota Motor Corp.*, 2008 WL 5158583 (E.D. Tex.

2008)(Ward, J.)(*citing Mohamed v. Mazda Motor Corp.*, 90 F. Supp.2d 757, 768 (E.D. Tex.

2000)).

The Court must consider various private and public interest factors when deciding a transfer motion. *In re Volkswagen,* 545 F.3d at 315. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive. *Id.* The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized disputes resolved at home; (3) the familiarity of the forum with the law that governs the action; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* None of the factors are dispositive on their own. *Id.*

Under this standard, the Court will consider Defendant's motion to transfer venue.

### Analysis

The first issue a court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404 is whether the suit could have been filed originally in the destination venue. There is no dispute that this case could have been filed in the Eastern District of Texas, Sherman Division ("Sherman Division"). The City of Murphy is located in the Sherman Division, Plaintiffs reside in the Sherman Division, and the individual police officers named as defendants live or work in the Sherman Division. *See* 28 U.S.C. § 1391. However, the case could not have originally been filed at the Plano Courthouse because Plano is a subdivision of the Sherman Division, and Plaintiffs may not request a specific subdivision when filing a case. Accordingly, the Court analyzes the motion as a motion to transfer to the Sherman Division generally, rather

than to the Plano courthouse.

**A. Private Factors**

The Court will first consider the private interest factors. As stated above, the private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive. *In re Volkswagen,* 545 F.3d at 315.

The first private interest factor concerns the relative ease of access to sources of proof. Most of the proof in this case will be obtained from depositions and witness testimony; there are relatively few documents in this case. However, to the extent that this is a meaningful factor under *Volkswagen*, this factor slightly favors a transfer to the Sherman Division. *In re Volkswagen* , 554 F.3d at 316. Most of the witnesses live or work in the Sherman Division, and the events leading to this action occurred in the Sherman Division.

In *Volkswagen*, the Court found error in denying a motion to transfer venue from Marshall to Dallas. In that case, the court emphasized that, "none of the plaintiffs live in the Marshall Division; no known source of proof is located in the Marshall Division; and none of the facts giving rise to this suit occurred in the Marshall Division." *Id*. That factual situation is distinguishable from the one presented today. Although none of the plaintiffs in this case live in the Tyler Division, there is a source of proof located in the Tyler Division–namely, the records and testimony related to ETMC's involvement in this case. Two defendants, ETMC and the ETMC medic, are located in Tyler. Further, ETMC's involvement in the 911 phone call occurred

in the Tyler Division.  Therefore, most sources of proof will be more accessible in the Sherman Division, although some sources of proof will be available in Tyler.  This factor weighs in favor of transfer.

The second private interest factor the Court considers is the availability of compulsory process to secure the attendance of witnesses.  In *In re Volkswagen*, there were several non-party witnesses located in the Northern District that were outside the Eastern District's subpoena power under Federal Rule of Civil Procedure 45(c)(3)(A)(ii), and any trial subpoenas for these witnesses to testify would be subject to motions to quash under Federal Rule of Civil Procedure 45(c)(3).  In that case, the district court denied the motion to transfer partially because the court could deny any motions to quash.  However, the appellate court in *In re Volkswagen* held that the district court erred in denying the motion to transfer on these grounds because a proper venue existed that "enjoy[ed] absolute subpoena power for both depositions and trial." *In re Volkswagen*, 545 F.3d 316.  Further, the court held that, "the venue transfer analysis is concerned with convenience, and that a district court can deny any motions to quash does not address concerns regarding the convenience of parties and witnesses." *Id.*

In this case, Defendants have asserted that at least one key witness is a resident of Dallas County, in the Northern District, and would be outside the 100 miles for absolute subpoena power for the court sitting in the Tyler Division, but not the Sherman Division.  However, under Rule 45, witnesses can be subpoenaed wherever they live or work, and it appears that the witnesses residing in Dallas County are employed in Collin County, in the Eastern District.  Therefore, there is no difference in the subpoena power between the Tyler Division and the Sherman Division.

The third private interest factor in deciding a motion to transfer venue is the cost of attendance for all willing witnesses. In *In re Volkswagen I* the court set a 100-mile threshold in examining the cost of attendance for willing witnesses: "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen*, 545 F.3d 304, 317 (5th Cir. 2008)(quoting *In re Volkswagen I*, 371 F. 3d 201, 204–05 (5th Cir. 2004)). The distance between the Sherman Courthouse and the Tyler Courthouse is approximately 130 miles, which is above the 100- mile threshold. Therefore, the Court must examine how the inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.

From the City of Murphy–which is where the Plaintiff and several of the Defendants and key witnesses are located–to the Sherman courthouse is approximately 53 miles, and from the City of Murphy to the Tyler courthouse is 104 miles. The additional 51 miles that witnesses would have to travel to Tyler instead of Sherman is not far enough to substantially increase the burden on the witnesses. *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1998)( "This case is not being consigned to the wastelands of Siberia or some remote, distant area of the Continental United States. The minor inconvenience [a defendant] may suffer in having to litigate this case in Tyler–only 203 miles distant–rather than Houston, can in no rational way support the notion of abuse of discretion."). Further, if the case were transferred to the Sherman Division, any witnesses from Tyler would have to travel the entire 140 miles to Sherman. When

the result of a change of venue is to shift the balance of inconveniences from one party to another, courts will not transfer venue. *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 775 (E.D. Tex. 2000); *Gardipee v. Petroleum Helicopters, Inc.*, 49 F. Supp.2d 925, 929 (E.D. Tex. 1999). Therefore, this factor is neutral.

The last private interest factor, other practical problems that make a trial easy, expeditious, and inexpensive, is neutral. The Court is aware of no practical problems that could make this trial easier, more expeditious, or more expensive in either Tyler or Sherman. Accordingly, the Court finds that only one of the private interest factors weigh in favor of transfer, and that Defendants have not met their burden of showing that the transferee venue is clearly more convenient.

**B. Public Factors**

The Court will now address the public interest factors. As stated above, the public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized disputes resolved at home; (3) the familiarity of the forum with the law that governs the action; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen,* 545 F.3d at 315.

The first public factor the Court addresses is administrative difficulties flowing from court congestion. The cases in Tyler and in Sherman proceed at about the same rate. In fact, the District Judge assigned to this case sits in both Tyler and Sherman, and would preside over the case if it were transferred to Sherman. Accordingly, this factor is neutral.

The second public interest factor, the local interest in having the dispute resolved at home,

weighs slightly in favor of transfer to the Sherman Division. The incident giving rise to this case occurred in the City of Murphy. Plaintiffs reside in the City of Murphy, the City of Murphy is named as a defendant, and the individual police officers named as defendants work in the City of Murphy. Clearly, the citizens of the Sherman Division have an interest in deciding this case. However, as Plaintiffs have argued, the residents of Tyler also have a local interest in having this case decided at home because ETMC is located in Tyler and Tyler residents have an interest in determining whether they are being provided with substandard emergency medical care. Accordingly, both the residents of Sherman and the residents of Tyler have an interest in trying this case at home. However, because the events that gave rise to this suit occurred in the Sherman Division and both Plaintiffs and many of the defendants reside in the Sherman Division, the residents of Sherman may have a greater interest in trying this case at home. Therefore, this weighs slightly in favor of transfer to the Sherman Division.

Finally, the last two public interest factors are neutral and not applicable to this case. Since both divisions are located in the Eastern District of Texas, the Court assumes that both divisions would be equally familiar with the law governing this case. Any potential conflict of law issue or problem applying foreign law would not be avoided by transferring the case to another division in the Eastern District. Accordingly, the Court finds that the public interest factors are neutral, or may slightly weigh in favor of transfer to the Sherman Division.

**Conclusion**

Having considered all the factors, the Court finds that, while venue is proper both in the Tyler Division and in the Sherman Division, it would be at least slightly more convenient to try the case

in the Sherman Division. However, Defendants have failed to meet the significant burden to show good cause for the transfer as required under *Volkswagen.* They have not shown that the Sherman Division is clearly more convenient. Accordingly, Defendants' motion to transfer venue to the Eastern District of Texas, Sherman Division is DENIED.

**It is SO ORDERED.**

**SIGNED this 1st day of March, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE